NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017[*]
Decided March 9, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-1749

| | |
|---|---|
| DANIEL LANGREDER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 13 C 371 |
| FREEMAN EXPOSITIONS, INC., | |
| *Defendant-Appellee*. | John Z. Lee, |
| | *Judge*. |

**O R D E R**

Daniel Langreder, a 62-year-old carpenter, contends in this suit that Freeman Expositions, a design and construction company that constructs and dismantles trade show exhibits, discriminated and retaliated against him by reducing the number of hours he offered to work under his union contract, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. The district court granted summary judgment for Freeman on all claims, concluding that Langreder failed to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

produce evidence showing that younger employees were treated differently from older employees or that Freeman's explanation for his reduction in hours was pretextual. Langreder's retaliation claim also failed, the district court determined, because his protected activity postdated the reduction of his hours. We affirm.

Langreder, a member of the United Brotherhood of Carpenters, was contractually required to work at least 250 hours each quarter (or 1000 hours a year) to maintain health benefits through the union. He consistently reached this threshold by working jobs in Chicago for Freeman. When his hours with Freeman began declining significantly in 2009, he decided to retire in 2011 to preserve his union's retirement benefits.

In February 2011, shortly before retiring, Langreder had a contentious conversation with his union foreman. Langreder accused the foreman of limiting his hours, and at one point he told the foreman to "take your skirt off and be a man." The foreman responded by cursing Langreder. When Langreder refused to leave the Chicago job site, the foreman said that he would knock Langreder's teeth out. After this altercation, Freeman placed Langreder on a do-not-call list, meaning that he would not be called for union jobs in Chicago. Langreder discussed the incident with a human resources representative from Freeman and ultimately agreed to drop matters if he were to receive at least 250 hours per quarter and not have to work at Chicago-based sites. Langreder worked for Freeman twice more, in 2011 and 2012, in Houston.

Langreder then sued Freeman, alleging that Freeman discriminated and retaliated against him by reducing his hours beginning in 2009. Freeman moved for summary judgment, which Langreder opposed, but Freeman neglected to include a required notice to Langreder detailing the procedure for opposing a motion for summary judgment. *See* N.D. Ill. L.R. 56.2. The district court struck Freeman's motion for summary judgment, but later allowed Freeman to refile it with the appropriate notice.

The district court this time granted Freeman's motion for summary judgment. Langreder, the court concluded, had not presented any "direct" evidence of discrimination and, under the "indirect method," a reasonable fact-finder applying the burden-shifting framework described in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), could not conclude that he had established a prima facie case of discrimination. (This court since has clarified that a more straightforward inquiry is appropriate: "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the

discharge or other adverse employment action." *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).) Focusing on one of the elements of the prima facie case, the court determined that Langreder had not presented evidence that similarly situated younger employees were treated more favorably than him (i.e., by being given more work hours). And even if Langreder could establish a prima facie case, the court continued, he did not present evidence of pretext sufficient to undercut Freeman's stated reasons for reducing his hours—the economic downturn and, after 2011, the limited number of hours available outside of Chicago. His retaliation claim also failed, the court concluded, because he did not engage in protected activity until after he suffered an adverse employment action.

On appeal, Langreder generally challenges the district court's conclusion that Freeman was entitled to summary judgment on his discrimination claim. He argues that he has established a prima facie case of discrimination under the "indirect method" and that all of Freeman's reasons for reducing his hours are pretextual.

The district court correctly determined that Langreder cannot establish a prima facie case of age discrimination under *McDonnell Douglas* because the record does not contain evidence from which a jury could infer that Freeman treated younger, similarly situated employees more favorably. *See Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 661 (7th Cir. 2016); *Hancock v. Potter*, 531 F.3d 474, 479 (7th Cir. 2008). In any event, as the court also explained, Langreder did not supply admissible evidence that Freeman's proffered reasons for the reduction of his hours were pretextual. Langreder submitted an unauthenticated spreadsheet of names purporting to show a list of Freeman employees and the hours that each employee worked. But the district court rightly excluded this evidence as lacking foundation because it was not accompanied by an affidavit identifying who prepared the spreadsheet, when it was prepared, or what group of employees it purported to show. *See Smiley v. Columbia Coll. Chi.*, 714 F.3d 998, 1005 (7th Cir. 2013).

Finally Langreder contends that the district court abused its discretion by allowing Freeman to refile its motion for summary judgment after it had failed to comply with the local rule requiring defendants to provide pro se litigants with notice of how to oppose summary judgment. But the court rightly concluded that Langreder did not suffer prejudice by Freeman's initial failure to provide the requisite notice because Freeman did not alter the substance of its refiled motion and Langreder did not significantly alter his response.

AFFIRMED.